## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

───────────────────────────────────────────────

**DONALD A. MCAFEE,**

    Plaintiff,

v.                                  No.  2:12-cv-2328

**INTERNATIONAL PAPER COMPANY,**

    Defendant.                          **JURY DEMANDED**

───────────────────────────────────────────────

### COMPLAINT FOR DICRIMINATION ON THE BASIS OF AGE

───────────────────────────────────────────────

Comes now the Plaintiff, Donald A. McAfee, and for his cause of action against International Paper Company ("IP"), alleges and states as follows

### I.  The Parties

1.    Donald McAfee, herein "Plaintiff" or "Mr. McAfee," is, and was at all times pertinent hereto, a resident of Shelby County, Tennessee; his date of birth is in 1948.

2.    International Paper Company, herein "IP" or "Defendant," is a company incorporated under the laws of and is domiciled in the State of New York, has its global headquarters in the state of Tennessee, is registered and doing business in the State of Tennessee, and is subject to service of process through its registered agent for service, CT Corporation System.

### II.  Jurisdiction and Venue

3.    This action is brought to remedy discrimination on the basis of age against Plaintiff under the Age Discrimination in Employment Act of 1967, U.S.C. Section 621 et seq. (ADEA) and the Tennessee Human Rights Act, Tennessee Code Annotated Section 4-21-101 et seq.

4.     Venue is proper under 28 U.S.C. Sections 1391(b)-(c) in that both Plaintiff and IP reside in this jurisdiction and Plaintiff's cause of action accrued in this district.

5.     Plaintiff has fully complied with the prerequisites to jurisdiction in this Court under the ADEA and has exhausted all administrative remedies available to him.  Don McAfee filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on October 28, 2011 and a right to sue letter was issued on January 27, 2012.  A copy of that letter is attached hereto as Exhibit 1.

### III.   Relevant Facts and Claims

6.     On August 11, 1999, Don McAfee accepted an offer of employment from XPEDX, a division of IP, to serve as Account Manager, Web/Publishing, for the Southern Group based in Memphis, Tennessee.  Mr. McAfee had previously been employed by Western Paper, another division of IP, and while there, was IP's top sales professional.

7.     Beginning in 2006, IP began paying Mr. McAfee sales commissions at a rate less than the rate set forth in his employment agreement signed by IP in 1999.  Several years later, IP initiated a plan to induce certain commission salesmen to take early retirement.  That plan was abandoned because of questions as to its legality.

8.     Mr. McAfee continued to perform his duties as a commissioned salesman despite IP's continuing practice of compensating him at lesser commission rates.  In 2011, IP took two of Mr. McAfee's customers and caused a third customer to transfer its business to a competitor resulting a dramatic decrease in his earnings and earning potential.  IP then advised Mr. McAfee that he could no longer solicit sales from one of his better customers located in Little Rock, Arkansas because IP considered that customer a bad credit risk.

9.    Due to the intentional actions of IP, Mr. McAfee suffered severe financial difficulties and was unable to earn a living working for IP.  He was forced to resign his position with IP that he had held for twenty eight years and to seek other employment.  Mr. McAfee was replaced by a younger employee and IP immediately began soliciting the business of the customer in Little Rock, Arkansas that it had prohibited Mr. McAfee from contacting.

10.    As a direct and proximate result of IP's intentional actions, Mr. McAfee was constructively discharged from his position due to his age and suffered substantial damages.  IP's actions constituted an unlawful practice in violation of the ADEA and Tennessee Human Rights Act.

### IV.    Count One:  Age Discrimination

11.    Plaintiff incorporates by reference all allegations contained in the preceding paragraphs of this Complaint, as though fully set forth here.

12.    Defendant IP has engaged in unlawful employment practices in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 623(a) and Tennessee law.   The unlawful practice includes discrimination against Mr. McAfee, who was sixty-three (63) years old at the time of the adverse employment action, on the basis of age when IP wrongfully terminated Plaintiff's employment.

13.    Defendant IP wrongfully terminated Mr. McAfee, and replaced Plaintiff with a younger individual to fill his position, even though said individual was not as experienced and qualified as Plaintiff.   Prior to Mr. McAfee's wrongful termination, he was continually recognized for his successes and contributions to IP.  Upon information and belief, Defendant wrongfully terminated Mr. McAfee to fill the position with a younger individual.

14.     Because IP terminated Mr. McAfee on the basis of age, IP violated the Age Discrimination in Employment Act of 1967 and the Tennessee Human Rights Act.

15.     The effect of the unlawful practice complained of above has been to deprive Plaintiff of equal employment opportunities and adversely affect his earnings and earning capacity.

16.     The unlawful employment practices complained of above were intentional.

17.     Defendant IP at all relevant times acted with malice and/or reckless indifference to the legally protected rights of Mr. McAfee.

18.     As a direct and proximate cause of Defendant's acts, Mr. McAfee's rights have been violated, his employment terminated, and he has suffered damages.

## V. Prayer

Wherefore, Plaintiff respectfully requests that this Court enter a judgment:

a.      declaring that the acts and practices complained of herein are in violation of the laws of the United States and the State of Tennessee;

b.      awarding Plaintiff compensatory damages, in an amount exceeding $75,000.00, and punitive damages in an amount that is yet to be ascertained for the injuries suffered as a result of Defendant's illegal discrimination;

c.      awarding Plaintiff the costs of this action, together with the reasonable attorney's fees, and litigation expenses;

d.      awarding Plaintiff pre-judgment and post judgment interest; and

e.      granting Plaintiff such other and further relief as this Court deems just and equitable.

## VII.  Demand for a Trial by Jury

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

*Ron W. McAfee*

_____

Ron W. McAfee      (#11590)
251 Adams Avenue
Memphis, Tennessee 38103
Telephone: (901)544-1055
Fax: (901) 624-8838

Attorney for Plaintiff